# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JOVONTE FITZGERALD,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀NO. 3:19-cv-00910
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
UNITED STATES OF AMERICA,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Respondent.⠀⠀⠀⠀⠀⠀⠀)

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jovonte Fitzgerald's "Motion to Vacate, Set Aside or Correct Sentence In Accordance With 28 U.S.C. § 2255" (Doc. No. 1). Based on United States v. Davis, 139 S. Ct. 2319 (2019), Fitzgerald seeks to vacate Count Three of the Indictment, that he, in violation of 18 U.S.C. § 924(c)(1)(A), used or discharged a firearm during and in relation to "a crime of violence," to wit, conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951. For the following reasons, the motion to vacate will be granted.

## I.⠀⠀⠀⠀BACKGROUND

On April 25, 2014, a federal grand jury indicted Fitzgerald and three co-defendants in a three-count indictment. (Case No. 3:14-cr-00076, Doc. No. 1; see also Case No. 3:19-cv-00910, Doc. No. 1-2). Count One charged Fitzgerald with conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2. Count Two charged Fitzgerald with Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2. Count Three charged Fitzgerald with, in violation of 18 U.S.C. § 924(c)(1)(A), using or discharging a firearm during, and in relation to, "a crime of violence," to wit, conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (Case No. 3:19-cv-00910, Doc. No. 1-2).

1

On December 1, 2016, Fitzgerald pled guilty to all three counts pursuant to a plea agreement. (Case No. 3:19-cv-00910, Doc. No. 1-4). On January 4, 2019, the undersigned accepted the plea agreement, and through an Amended Judgment on January 18, 2019, sentenced Fitzgerald to 104 months on Counts One and Two, to run concurrently, and 120 months on Count Three, to run consecutively, for a total of 224 months in custody. (Case No. 3:19-cv-00910, Doc. No. 1-5).[1]

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

### B. 18 U.S.C. § 924(c)

Section 924(c) provides enhanced penalties for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). An individual convicted of a crime of violence during which a firearm is discharged is subject to a mandatory minimum sentence of ten years "in addition to the punishment provided" for the underlying crime of violence. 18 U.S.C. § 924(c)(1)(A)(i), (iii). Section 924(c) also contained a residual clause that defined "crime of

---

[1] The 104 months included a 76-month downward adjustment pursuant to U.S.S.G. § 5G1.3(b) for time spent in custody for the same misconduct.

2

violence" as "an offense that is a felony," and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

On June 24, 2019, the Supreme Court held that the residual clause, defining certain crimes of violence under 18 U.S.C. § 924(c)(3), was unconstitutionally vague. See Davis, 139 S. Ct. at 2324. Post-Davis courts have therefore vacated convictions for conspiracy to commit Hobbs Act robbery as no longer qualifying as a crime of violence. See United States v. Ledbetter, 929 F.3d 338, 360–61 (6th Cir. 2019). The Davis holding applies retroactively. See In re Franklin, 959 F.3d 909, 910–11 (6th Cir. 2020).

## III.    ANALYSIS

Fitzgerald argues that because Count Three "rested on the now-defunct residual clause" struck down by the Davis Court, that count should be vacated. (Case No. 3:19-cv-00910, Doc. No. 1 at 5). The Government concedes that "conspiracy to commit Hobbs Act Robbery," which served as the predicate offense for Count Three, "no longer qualifies as a crime of violence" in light of Davis. (Case No. 3:19-cv-00910, Doc. No. 10 at 2). Thus, "there is no real dispute that [Fitzgerald's] § 924(c) conviction [in Count Three] depended upon the statute's now-unconstitutional residual clause." United States v. Serrano, No. 3:19-cv-00719, 2020 U.S. Dist. LEXIS 174702, at *48–49 (M.D. Tenn. Sep. 23, 2020). And because there is "no other qualifying predicate offense to support the conviction under section 924(c) set forth in" Count III, Fitzgerald has established that he is in custody on that count in violation of the Constitution. Id. at *49; see also McQuiddy v. U.S., No. 3:16-cv-02820, 2019 WL 4917073 (M.D. Tenn. Oct. 3, 2019).

Vacating Duncan's § 924(c) conviction in Count Three of the Indictment typically requires resentencing on the remaining counts of conviction. Pursuant to Davis, "[w]hen a defendant's §

3

924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." <u>Davis</u>, 139 S. Ct. at 2336 (citing <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017)). However, in its response brief, the Government "anticipates submitting a proposed agreement to the Court in lieu of a resentencing hearing." (Doc. No. 10 at 2–3). The Court will decide issues regarding resentencing in the underlying criminal case, No. 3:14-cr-00076, following the Government's submission of the said proposed agreement. Accordingly, the Court finds that Fitzgerald's § 2255 motion should be granted as to Count Three of the Indictment.

## IV.    CONCLUSION

For the foregoing reasons, Fitzgerald's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **GRANTED** as to Count Three of the Indictment. The Court will enter a separate order in Fitzgerald's underlying criminal case, (Case No. 3:14-cr-00076-2), vacating his conviction on Count Three of the Indictment and ordering the Government to submit a proposed agreement for resentencing. The Clerk shall enter judgment in this case, No. 3-19-cv-00910, in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4